IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PREMIER EXHIBITIONS, INCORPORATED and RMS TITANIC, INCORPORATED, <br><br> Plaintiffs, <br><br> v. <br><br> MARMARGAR, INCORPORATED, <br><br> Defendant. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME Plaintiffs Premier Exhibitions, Incorporated ("PRXI") and RMS Titanic, Incorporated ("RMST") (collectively, "Plaintiffs"), by counsel, and move for a declaratory judgment against the Defendant Marmargar, Incorporated ("Marmargar"), pursuant to 28 U.S.C. §2201(a), stating as follows:

1. This Complaint for Declaratory Judgment concerns the enforceability of two alleged contracts regarding the appraisal and sale of artifacts from the RMS TITANIC. Plaintiffs contend that there are no enforceable contracts between the parties while Marmargar contends that it is owed: (1) $1,029,425.00 for work performed pursuant to an alleged Contract for Appraisal Services, and (2) 4% of

any monies received by Plaintiffs from the sale of artifacts from the wreck of the RMS TITANIC under an alleged Contract for Exclusive Rights of Representation.

## Parties

2.  RMST is a corporation organized under the laws of the State of Florida and having its principal place of business at 3340 Peachtree Road NE, #900, Atlanta, Georgia 30326.  RMST is a wholly-owned subsidiary of PRXI.  By Order of the United States District Court for the Eastern District of Virginia, Norfolk Division (the "Court"), entered June 7, 1994, RMST was awarded the exclusive status of Salvor-in-Possession of the wreck site of the RMS TITANIC.  By Order dated August 12, 2010, the Court awarded RMST a salvage award of approximately $110 Million, representing 100% of the fair market value of the artifacts it salvaged in six separate expeditions to the wreck site from 1993 through 2004.  By Order of the Court dated August 15, 2011, RMST was granted the legal title to the artifacts, subject to covenants and conditions imposed by the United States and approved by the Court.  Copies of these Orders are attached hereto as Exhibits 1-3, respectively.

3.  In 1993, a French Maritime Tribunal granted to a predecessor of Plaintiffs title to approximately 1800 artifacts recovered from the wreck of the RMS TITANIC during a 1987 expedition.

4. PRXI is a corporation organized under the laws of the State of Florida and having its principal place of business at 3340 Peachtree Road NE, #900, Atlanta, Georgia 30326.

5. Marmargar is a New York appraisal, conservation and restoration corporation with its principal place of business at 32 Maple Street, Broadalbin, New York 12025.

## Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2), as the matter in controversy exceeds the sum of $75,000.00 and is between Florida corporations whose principal places of business are in Atlanta, Georgia, and a New York corporation whose principal place of business is in New York. Jurisdiction and venue are further proper in this forum because Marmargar's President, James J. Martin, came to Atlanta to review the Titanic artifacts collection and meet with RMST's then President and CEO, Mr. Arnie Geller; because RMST and PRXI signed the documents at issue in Atlanta; because the alleged contract for Appraisal Services was to be performed in Atlanta; and because Plaintiffs' alleged breaches of both alleged contracts would have occurred in Atlanta.

**Facts**

7. Marmargar alleges that on June 17, 2004, it entered into the Contract for Appraisal Services with RMST for an examination of "RMST's Salvor-in-Possession rights, title, business, legal and related documents . . ." and for an appraisal "to determine the fair market value of RMST's Salvor-in-Possession rights for the express purpose of valuing RMST's Salvor-in-Possession rights, title, business, legal and related documents." A copy of what Marmargar alleges is "The Contract for Appraisal Services" is attached as Exhibit 4.

8. Marmargar claims to have provided appraisal services pursuant to the Contract for Appraisal Services, and allegedly issued an invoice to RMST in November, 2005 for $1,029,425.00. Marmargar never provided any supporting documentation justifying this invoice at the time or after. Indeed, from at least January 1, 2009 until May, 2012, Plaintiffs never received any demand for payment from Marmargar.

9. Plaintiffs deny this claim and deny any debt or remaining payment is owed to Marmargar, in any amount, for appraisal service or otherwise; and Plaintiffs aver that Marmargar has been paid in full for the limited appraisal services it previously performed. Plaintiffs further aver that Marmargar never performed a complete appraisal of all the Titanic artifacts in RMST's possession,

and never provided RMST an appraisal report, as defined and required in the alleged contract. Furthermore, although Plaintiffs deny any amount is owed, Plaintiffs state that any claim for payment under The Contract for Appraisal Services is barred by the applicable statutes of limitations, and the doctrines of laches, release, estoppel and waiver.

10. Marmargar further contends that it entered into a one sentence contract entitled "Contract for Exclusive Rights of Representation" with PRXI and RMST on April 13, 2007, which Marmargar claims entitles Marmargar to 4% of all monies paid to and received by PRXI and RMST "for the sale of the RMST and her artifacts." The document titled "Contract for Exclusive Rights of Representation" does not describe or define any obligations on the part of Marmargar. A copy of the document titled "Contract for Exclusive Rights of Representation" is attached as <u>Exhibit 5</u>.

11. Plaintiffs deny the validity of the alleged Contract for Exclusive Rights of Representation, and note that at the time the Contract for Exclusive Rights was signed, Plaintiffs did not possess ownership rights to the majority of the artifacts allegedly covered by the Contract for Exclusive Rights. Plaintiffs further submit that any claim under the Contract for Exclusive Rights is barred by the statute of limitations, a lack of consideration, and the doctrines of laches,

release, estoppel and waiver, among other reasons. Should a sale of the artifacts occur, Plaintiffs submit Marmargar is not entitled to any payment from Plaintiffs pursuant to this document. Marmargar has had no relationship with the Plaintiffs for many years.

12. By letter dated May 14, 2012, Marmargar asserted a demand for 4% of all monies received by Plaintiffs "for the sale of RMST and her artifacts" pursuant to the alleged Contract for Exclusive Rights and Representation. A copy of this letter is attached hereto as Exhibit 6.

13. From at least January 1, 2009, until the demand letter of May 14, 2012, Plaintiffs had not received any communication from Marmargar regarding this claim. Notably, in April, 2012, Plaintiffs executed a contract with Guernsey's Auction House for the potential sale of the Titanic Artifact Collection and associated assets of RMST. Plaintiffs publicly announced the sale by, among other means, a press release issued April 10, 2012. The May 14, 2012 demand letter is plainly the result of Plaintiffs' public announcement of the possible sale of the Titanic Artifact Collection.

14. Despite RMST's and PRXI's written and oral statements to Marmargar that it is not owed anything under the alleged Contract for Exclusive

Rights, or the Contract for Appraisal Services, Marmargar insists that it is owed payments under both documents.

15. An actual controversy therefore exists regarding the enforceability of the Contract for Appraisal Services and the Contract for Exclusive Rights and Representation, which controversy is within the jurisdiction of this Court.

WHEREFORE, Plaintiffs Premier Exhibitions, Incorporated and RMS Titanic, Incorporated seek a judgment from this Court declaring that the Contract for Appraisal Services and Contract for Exclusive Rights of Representation are unenforceable, and that Premier Exhibitions, Incorporated and RMS Titanic, Incorporated do not now, and will not in the future, owe any monies to Marmargar, Incorporated for any claims made pursuant to the Contract for Appraisal Services and/or the Contract for Exclusive Rights of Representation.

Respectfully submitted this 7th day of August, 2012.

/s/ Robert J. Waddell, Jr.
Robert J. Waddell, Jr.
Georgia Bar No. 729571
MCGUIREWOODS LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 443-5704
Facsimile: (404) 443-5781
rwaddell@mcguirewoods.com

OF COUNSEL:

Robert W. McFarland (VSB No. 24021)
Shepherd D. Wainger (VSB No. 33107)
MCGUIREWOODS LLP
101 W. Main Street, Ste. 9000
Norfolk, VA 23510
rmcfarland@mcguirewoods.com
swainger@mcguirewoods.com
Telephone:  (757) 640-3716
Facsimile:  (757) 640-3966

*Attorneys for Plaintiffs Premier Exhibitions, Incorporated and RMS Titanic, Incorporated*

41046947_1